**Sidney R. BALDWIN, Relator,**

v.

**COMMISSIONER OF REVENUE,
Respondent.**

No. 51878.

Supreme Court of Minnesota.

Aug. 28, 1981.

Rehearing Denied Oct. 23, 1981.

Sidney R. Baldwin, pro se.

Warren Spannaus, Atty. Gen., St. Paul, Paul Kempainen, Sp. Asst. Atty. Gen., for respondent.

OTIS, Justice.

Relator seeks review of a decision of the Tax Court rejecting his claim that his 1977 earnings are exempt from income taxation and affirming the order of the Commissioner of Revenue denying refund of $1,498.56 withheld by his employers and assessing an additional tax of $277. We agree that relator is not entitled to the claimed exemption and affirm.

From his employment as an electrician during the year 1977 relator derived a gross income of $21,329.83.[1] On his Minnesota income tax return he reported that he had no net income because he had contributed his entire earnings to the Basic Bible Church of America, Chapter 7909.[2] In spite of this claimed "credit" against tax, relator's real claim is that his earnings were exempt because he personally is a tax-exempt church and because he earned the income as an agent for Chapter 7909.

To establish these claims, relator presented evidence that during the year 1977 he learned of the Basic Bible Church of America and as a consequence contacted its president, Jerome Daly. Without any prior formal training, relator took a short oral examination from Daly and on October 5, 1977, received from him a certificate of ordination as a minister of the Basic Bible Church of America and a certificate of doctorate of divinity. A month later relator

---

1. *See*, Minn.Stat. § 290.01, subd. 20 (Supp. 1977); I.R.C. § 61(a)(1).

2. If relator had contributed all of his income to an organization described in Minn.Stat. § 290.-21, subd. 3(b) (1980), he was entitled to deduct only 10% of his gross income for such contribution pursuant to Minn.Stat. § 290.21, subd. 3(f)(i) (1980).

received two documents, drafted by Daly, a church charter and some bylaws pursuant to which he was "ordained and established" as an official church known as the Order of Almighty God, Chapter 7909. These documents provide that the parent organization, the Basic Bible Church of America, and Chapter 7909 are completely independent and separate. Relator's charter provides that Chapter 7909 is to be governed by trustees, but the bylaws vest sole authority to govern the chapter in relator as its lifetime "head" and grant him sole authority to use the funds and other property of the chapter as he sees fit. The other trustees, who are relator's wife and sons, have no right to vote. The charter also required relator to take a vow of poverty, by which he transferred all of his income to the Chapter.

After receiving these documents and signing the vow, relator continued to work as an electrician but deposited his paychecks in a bank account in the name of the Basic Bible Church of 1985 Yorkshire, where he and his family live. Only relator could draw checks on this account, and he used it to pay personal debts and living expenses as well as mortgage payments, taxes, and interest on 1985 Yorkshire although his wife is record owner of the home.

■ After reviewing this evidence, the Tax Court rejected both claims relator advances for tax exemption. The more novel claim is that he is entitled to exemption because he personally is a church. Conceding relator's right to believe that he is a church in his own person, the Tax Court held that such a church is nevertheless not tax exempt. That ruling was clearly required by Minn.Stat. § 290.05, subd. 1(i) (1980), which provides in pertinent part:

> The following corporations, individuals, estates, trusts, and organizations shall be exempted from taxation under this Chapter * * *:
>
>    *     *     *     *     *     *

> (i) Any *corporation, fund, foundation, trust,* or *association organized for exclusively* scientific, literary, *religious,* charitable, educational, or artistic *purposes,* * * * * if no part of the net income of any such corporation, fund, foundation, trust or association inures to the benefit of any private member, stockholder, or individual * * *.

*Id.* (emphasis added). Relator is not a "corporation, fund, foundation, trust, or association" and thus does not qualify for tax exemption.[3]

■ Although relator urges that he is a corporation sole and therefore qualifies under this statute, we are not persuaded by this argument. Generally, corporations sole have not been recognized in this country in the absence of specific statutory authorization. *Wright v. Morgan,* 191 U.S. 55, 59, 24 S.Ct. 6, 8, 48 L.Ed. 89 (1903). No statute in this state authorizes their existence.

■ The other theory on which relator claims tax exemption is that by reason of his vow of poverty his income was earned as an agent of Chapter 7909. We discern no merit to this claim either. As stated, the alleged principal for whom relator acted, Chapter 7909, is not a tax-exempt organization within the meaning of section 290.05, subdivision 1(i). Relator's vow of poverty was in effect an attempted anticipatory assignment of income, ineffective to avoid tax liability. *Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930); *Francis E. Kelley,* 62 T.C. 131 (1974); *Drew v. Commissioner of Taxation,* 222 Minn. 186, 23 N.W.2d 565 (1946); Rev.Rul. 290, 1977–2 C.B. 26. In fact, relator's stated position that he personally is the church to which he assigned his income destroys the basis of his claimed agency since he could not have earned his income as an agent for himself.

Affirmed.

---

**3.** Nor does it appear likely that relator could establish that no part of the net income of Chapter 7909 "inures to the benefit of any private * * * individual." Minn.Stat. § 290.05, subd. 1(i) (1980).